640

(No. 3123— )

ELIDA DIEVENKORN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 13, 1939.*

BENSON, FITCH & HEINEMANN, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For more than one year prior to March 8th, 1936, claimant was employed by respondent as an attendant at the Chicago State Hospital at Dunning, Illinois.

On the last mentioned date, about 6:30 A. M., while on her way from the Nurses' Home, where she had remained overnight, to Ward C, where she was to go on duty, she tripped and fell over a water pipe lying across the sidewalk, whereby she sustained a fracture dislocation of the left arm at the elbow. She was immediately taken to the institution hospital where the dislocation was reduced by Dr. George E. Rooney, a member of the staff. She remained at the hospital until March 20th, 1936 and returned to work approximately two weeks after the date of her injury. Her arm was still in splints at that time, and she was given lighter work than she previously performed, and thereafter continued in the performance of such work to the time of the hearing herein.

She remained under the care of Dr. Rooney for some time, and received treatments in the physical therapy department of the institution for the improvement of the condition of her arm;—the last treatment being in the summer of 1937. On October 26, 1937, Dr. Rooney again examined claimant and found that she had a limitation of motion in the left arm, and that such condition was permanent.

The record shows that the institution grounds have an area of approximately one-half mile square or more; that the

institution has its own heating plant, as well as a power plant, and laundry, all equipped with power-driven machinery; also steam pressure cookers, elevators, and numerous motor trucks.

Upon a consideration of all of the evidence in the record, we find that on the 8th day of March, A. D. 1936, the relation of employer and employee existed between the respondent and the claimant, and that they were then operating under the provisions of the Workmen's Compensation Act of this State; that on said date claimant sustained an accidental injury which arose out of and in the course of her employment; that the respondent had notice and knowledge of the accident immediately after the occurrence thereof; that the annual earnings of the claimant were $912.00 and her average weekly wage was $17.53; that claimant at the time of the injury had one child under the age of sixteen years; that all necessary first aid, medical, surgical and hospital services, as well as physical therapy treatments for the improvement of the condition of claimant's left arm, were provided by the respondent, and that the last mentioned treatments were continued to the summer of 1937; that claimant was temporarily totally disabled for the period of two weeks from the date of her injury as aforesaid; that claimant was paid her full wages during and subsequent to the period of her temporary total disability as aforesaid; that as the result of the injury so sustained by the claimant as aforesaid, she has suffered the loss of thirty-five per cent (35%) of the use of her left arm; that claimant is therefore entitled to have and receive from the respondent the sum of Eleven Dollars ($11.00) for one week's temporary total disability pursuant to the provisions of Paragraphs (b) and (j) of Section Eight (8) of the Compensation Act as amended, and is also entitled to have and receive from the respondent the further sum of Eleven Dollars ($11.00) per week for 78.75 weeks for the permanent loss of thirty-five per cent (35%) of the use of the left arm, as provided by Paragraph (e) of Section Eight (8) of the Compensation Act, as amended, to wit, the sum of Eight Hundred Sixty-six Dollars and Twenty-five Cents ($866.25); that claimant has received the sum of Thirty-five Dollars and Six Cents ($35.06) to apply on the compensation due her; that the remainder of the compensation due her, to wit, Eight Hundred Forty-two Dollars and Nineteen Cents ($842.19), has accrued prior to this date.

Award is therefore entered in favor of the claimant for the sum of Eight Hundred Forty-two Dollars and Nineteen Cents ($842.19).

This award being subject to the provisions of an Act entitled ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved July 3d, 1937 (Session Laws 1937, p. 83), and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Fund in the manner provided for in such Act.